IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| MATTHEW ROGERS, | |
| Plaintiff, | |
| v. | Case No.: 8:18-cv-03154-PWG |
| ERIC CHAPMAN, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

The preprinted complaint form for bringing a small-claims suit in Maryland's district courts prompts the filer to check a box indicating what type of case he or she is looking to open. It presents the filer with five options: contract, tort, replevin, detinue, and "bad faith insurance claim." Compl., ECF No. 1-4. The plaintiff in this case – a Smithsonian Institution security guard who sought to recover a little more than half a day's wages from a supervisor who sent him home without pay – checked the box marked "tort," *id.*, and it is likely because of this seemingly minor decision that he now finds himself dueling with the United States government in federal court.

What happened, in short, is the United States Attorney for the District of Maryland exercised his authority under the Federal Torts Claim Act to certify that the supervisor, Defendant Eric Chapman, was acting within the scope of his employment when he sent the plaintiff home. The Government then removed the suit to federal court, moved to take Mr. Chapman's place as the party defendant, and filed a motion to dismiss the Complaint on various procedural and merits-based grounds.

1

I do not agree with all of the Government's arguments. I do find, though, that the one-paragraph Complaint fails to state a claim upon which relief may be granted. For this reason, the case must be dismissed without prejudice. But, since I find that Mr. Rogers may have a viable claim to file, and inasmuch as having the assistance of counsel will help to level the playing field as the case moves forward, I am appointing pro bono counsel to represent him, and to assist him in determining whether a viable cause of action may be asserted against the government..

## FACTUAL BACKGROUND

The episode that prompted this lawsuit occurred on November 6, 2017, the day Plaintiff Matthew Rogers returned to work after a period of sick leave. *See* Compl.; Opp'n 1, ECF No. 17. Mr. Rogers had provided his employer with a doctor's note (or as the parties here term it, a "verification of treatment") explaining that he had undergone surgery and would be "unable to work" until November 2, 2017.[1] Opp'n Exs. 13, ECF No. 17-1. Mr. Rogers has alleged that his supervisor, Mr. Chapman, found the note unsatisfactory and directed him to see the health services office. *See id.* at 5. The nurse there said no examination was necessary, but Mr. Chapman remained unsatisfied and sent Mr. Rogers home without pay. *See* Compl. Mr. Rogers provided a

---

[1] The doctor's note and various other documents were enclosed as exhibits to Mr. Rogers's response in opposition to the Government's Motion to Dismiss. *See* Opp'n Exs. These documents are outside of the realm of materials I may consider in assessing whether the Complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (explaining that a court's evaluation of a Rule 12(b)(6) motion is "generally limited to a review of the allegations in the complaint itself," though a court also may consider "documents that are explicitly incorporated into the complaint by reference," those "attached to the complaint as exhibits," and documents that are considered "integral to the complaint," provided there is no dispute about the document's authenticity). I do not consider them for that purpose. I may, however, consider these documents in assessing whether this Court has subject matter jurisdiction over Mr. Rogers's case. *See State Farm Mut. Auto. Ins. Co. v. United States*, 326 F. Supp. 2d 407, 410 (E.D.N.Y. 2004) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

2

new doctor's note the next day. *See* Opp'n Exs. 1. All told, he missed five and a half hours of work. *See id.*

Mr. Rogers sought immediate help from his union representative. *See id.* at 7. He later filed a written grievance with the Smithsonian's Office of Protection Services ("OPS"). *See id.* at 1. On March 23, 2018, OPS District Manager Terrell Wilson issued a decision denying the grievance. *See id.* at 1-2.

Mr. Rogers filed his small-claims suit on September 19, 2018, seeking $5,000 for lost wages and "mental anguish." *Compl.* The narrative portion of the Complaint reads in full:

> On Oct 19, 2017 while on FMLA/sick leave I provided my supervisor a doctor note which . . . excused me[.] I returned back on Nov 6 2017 and was told I need to go see the nurse for an examination[.] I contacted the nurse who informed me she did not need[] to see me[.] I informed my supervisor who claimed there now was a problem with my note which he had since Oct 19, 2017 and he excused me. For no reaseon [sic] he sent me home without cause[.] A complaint was filed [in] which he made several untrue statements causing me to lose wages and mental anguish[.] There [is] no policy to [justify] his actions.

*Id.*

Mr. Rogers served Mr. Chapman with a summons and a copy of the Complaint on September 27, 2018. *See* Mot. to Dismiss ¶ 7, ECF No. 15. The U.S. Attorney's Office for the District of Maryland "received notice" of the action the next day. *See* Notice of Removal ¶ 3, ECF No. 1. Two weeks later, the U.S. Attorney certified pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4 that Mr. Chapman "was acting within the scope of his employment as an employee of the United States at all times relevant to the allegations contained in Plaintiff's Complaint." Certification, ECF No. 8-1. The Government then removed the case to this Court, *see* Notice of Removal, moved for a court order substituting itself for Mr. Chapman as the party defendant, *see* Mot. to Substitute, ECF No. 8, and filed a Motion to Dismiss the Complaint, *see* Mot. to Dismiss.

3

The Motion to Substitute is uncontested. Mr. Rogers has, however, filed a response in opposition to the Motion to Dismiss. *See* Opp'n. Both motions are ripe for adjudication. No hearing is necessary. *See* Loc. R. 105.6.

## STANDARD OF REVIEW

The Government has moved for dismissal under Rules 12(b)(1), 12(b)(5), and 12(b)(6).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction, asserting, in effect, that the plaintiff lacks any "right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of establishing the court's subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017) (quoting *Evans*, 166 F.3d at 647).

Rule 12(b)(5), by contrast, permits a defendant to seek dismissal for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Moseley v. Pollozzi*, No. RDB-18-1292, 2019 WL 418407, at *2 (D. Md. Feb. 1, 2019) (quoting *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016)). The "plain requirements for the means of effective service of process may not be ignored." *Curtis v. Md. Envtl. Serv.*, No. RDB-17-2728, 2018 WL 1394020, at *2 (D. Md. Mar. 19, 2018). Generally, though, "when service of process gives the defendant actual notice of the pending action, a court may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Brown-Thomas v. Hynie*, 367 F. Supp. 3d 452, 461 (D.S.C. 2019) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)).

A third rule, Rule 12(b)(6), authorizes parties in a civil action to seek the dismissal of a claim or complaint on the grounds that it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647-48, (D. Md. 2015). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Two motions are now pending: first, the Motion to Substitute (ECF No. 8), and, second, the Motion to Dismiss (ECF No. 15). I will address each motion in turn.

### Motion to Substitute

I begin with the Government's motion to substitute itself in Mr. Chapman's place as the defendant in this action.[2] The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, provides that:

---

[2] Mr. Rogers, I note, has not challenged the Government's invocation of § 2679(d)(2) in removing this small-claims suit to federal court. Even if he had, it seems clear that this case would remain before me regardless. In *Osborn v. Haley*, the Supreme Court explained that certification and removal under § 2679(d)(2) necessarily "renders the federal court exclusively competent" to adjudicate the case and "categorically precludes a remand to the state court." 549 U.S. 225, 243 (2007). The federal court remains powerless to return the case to state court even if it determines

5

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall [upon removal] . . . be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2); *see Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 431-32 (1995). The Attorney General has delegated authority under this statute to the U.S. Attorney for the district where the civil action is brought. *See* 28 C.F.R. § 15.4.

A scope-of-employment certification under § 2679(d) stands as "prima facie proof" that the federal employee was acting within the scope of his employment at the time of the alleged torts. *See Hoffman v. United States*, Nos. 98-1128, 98-1129, 1999 WL 417830, at *2 (4th Cir. June 23, 1999) (per curiam). To overcome this presumption, the plaintiff "must prove by a preponderance of the evidence" that the employee's actions "were beyond the scope" of his employment. *Id.*; *see Curtis v. Pracht*, 202 F. Supp. 2d 406, 417 (D. Md. 2002). "'If the plaintiff presents persuasive evidence refuting the certification,' the burden shifts to the United States to 'provide evidence and analysis to support its conclusion that the torts occurred within the scope of employment.'" *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir. 2000) (quoting *Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997)). The scope-of-employment determination is governed by the law of the state in which the alleged tort occurred. *See id.*

Here, the U.S. Attorney has certified that Mr. Chapman was "acting within the scope of his employment as an employee of the United States at all times relevant to the allegations contained

---

the Attorney General's certification was "unwarranted." *Id.* at 241; *see also Borneman v. United States*, 213 F.3d 819, 829 (4th Cir. 2000); *Wilson v. Jones*, 902 F. Supp. 673, 678 (E.D. Va. 1995).

in Plaintiff's Complaint," Certification, and Mr. Rogers has not disputed the point. The materials before me make clear, in any event, that this was very much a work-related dispute. Mr. Chapman was at work when he made the decision to send Mr. Rogers home without pay, and there can be little doubt he made the decision in his capacity as Mr. Rogers's supervisor. *See Sawyer v. Humphries*, 587 A.2d 467, 470 (Md. 1991) (explaining that the "general test" under Maryland law "for determining if an employee's tortious acts were within the scope of his employment is whether they were in furtherance of the employer's business and were 'authorized' by the employer").

The Motion to Substitute (ECF No. 8) is therefore granted. Mr. Chapman is dismissed from this suit, and the United States is substituted in his place.

## Motion to Dismiss

I now turn to the Motion to Dismiss (ECF No. 15). There, the Government raises three arguments: (1) this Court lacks jurisdiction over the case because Mr. Rogers failed to present his claim to the appropriate federal agency before filing suit, (2) the claim should be dismissed under Rule 12(b)(5) for insufficient service of process, and (3) the Complaint fails to state a claim upon which relief can be granted. *See* Mot. to Dismiss 1-2. I assess these arguments one by one.

### A.     Presentment to Appropriate Federal Agency

The Federal Tort Claims Act ("FTCA") requires a plaintiff, before suing the United States, to present his or her claim to the appropriate federal agency. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (citing 28 U.S.C. §§ 2401(b), 2675(a)). Two statutory provisions are relevant. *See* Mot. to Dismiss 2. First, under 28 U.S.C. § 2675(a), a claimant may not sue the United States

> for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented

the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

§ 2675(a). A second provision, § 2401(b), states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

§ 2401(b).

The Government, citing both of these statutes, characterizes the presentment requirement as jurisdictional.[3] *See* Mot. to Dismiss 2 (citing *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994)). It then argues that Mr. Rogers's FTCA claim "should be dismissed" because the Complaint "does not allege that he filed an administrative tort claim with the Smithsonian Institution or otherwise exhausted his administrative remedies." *Id.*

The roughly two-page memorandum Mr. Rogers submitted in response to the Motion to Dismiss does not confront this argument (much as it neglects to address any of the Government's

---

[3] To be clear, § 2401(b)'s time bar for presentment "is a claims-processing ruling, not a jurisdictional requirement." *Ortiz-Rivera v. United States*, 891 F.3d 20, 24 (1st Cir. 2018) (citing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015)); *see United States v. Wheeler*, 886 F.3d 415, 424 (4th Cir. 2018). By contrast, the prevailing rule among federal courts of appeals is that the presentment requirement in § 2675(a) is a jurisdictional prerequisite. *See, e.g., Bakhtiari v. Spaulding*, --- F. App'x ----, No. 18-3495, 2019 WL 2759507, at *2 (3d Cir. July 2, 2019) (per curiam); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019); *D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017); *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (per curiam). *But see Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014) (explaining that the Seventh Circuit "no longer treats § 2675(a) as a jurisdictional prerequisite"). The Fourth Circuit appears not to have weighed in on the subject in some years, but the standing precedent in this circuit treats § 2675(a)'s presentment requirement as jurisdictional. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000); *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 861 (E.D. Va. 2016). The Fourth Circuit's holding is binding on this Court, and I will adhere to it in this case.

other legal arguments). *See* Opp'n 1-3. But Mr. Rogers did attach a series of exhibits to the memorandum, and one of them, I note, is a copy of OPS District Manager Wilson's decision denying his written grievance concerning the November 6, 2017 incident. *See* Opp'n Exs. 1-2.

A Department of Justice regulation explains what a claimant must do to satisfy the presentment requirement under both § 2675(a) and § 2401(b). In short, it provides that a claim

> shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a); *see Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278-79 (4th Cir. 2000). Courts have held, accordingly, that an FTCA claim "is properly presented where it contains: '1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim.'" *Wood v. United States*, 209 F. Supp. 3d 835, 840 (M.D.N.C. 2016) (quoting *Ahmed*, 30 F.3d at 517); *see Blankenship v. United States*, 111 F. Supp. 3d 745, 751 (W.D. Va. 2015).

The OPS decision suggests to me that Mr. Rogers satisfied both of the § 14.2(a) presentment requirements. First, it makes clear that he filed a written grievance with OPS, a unit within the Smithsonian Institution. *See* Opp'n Exs. 1. The grievance plainly related to the subject of this lawsuit. *See id.* (noting that the grievance "requested that [Mr. Rogers] be made whole for any loss of time from duty on November 6, 2017"). And while Mr. Rogers did not include that written grievance among the exhibits to his memorandum here, there is no question that the agency understood precisely how much money was at stake, seeing as the OPS decision repeatedly notes that Mr. Rogers was seeking reimbursement for five and a half hours of leave. *See id.*

The Government's motion overlooks the grievance entirely. And even though this Court expressly authorized the Government to file a reply brief, *see* ECF No. 14, which would have

permitted the Government to respond to the OPS denial letter and other exhibits Mr. Rogers enclosed with his memorandum, it chose not to do so. Absent any arguments to the contrary, I am left to conclude that Mr. Rogers did properly present an administrative claim to the Smithsonian Institution. What is more, he did so just three weeks after the incident giving rise to the claim, easily satisfying § 2401(b)'s requirement that a claim be presented "within two years after such claim accrues." § 2401(b). Accordingly, the Government's motion to dismiss his Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction is denied without prejudice.

**B.     Service of Process**

The Government next seeks dismissal under Rule 12(b)(5) for insufficient service of process. Its motion discusses Rule 4(i) of the Federal Rules of Civil Procedure, which establishes the requirements for serving process on the United States. To do this, the rule states, a plaintiff must serve a copy of the summons and the complaint to "the United States attorney for the district where the action is brought" and to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A)-(B). This rule applies in FTCA actions and in suits against federal officials in their official capacity. *See Armstrong v. Sears*, 33 F.3d 182, 187-88 (2d Cir. 1994).

The Government, after discussing the requirements of Rule 4, argues dismissal is warranted here because "neither the United States Attorney for the District of Maryland nor the Attorney General of the United States received copies of the summons and complaint from Plaintiff." Mot. to Dismiss 3. But the Government has cited the wrong rule. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings *in the United States district courts*," Fed. R. Civ. P. 1 (emphasis added); "they do not apply to filings in state court, even if the case is later removed to federal court." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (citing Fed. R. Civ. P. 81(c), which explains that the Federal Rules "apply to a civil action

*after* it is removed from a state court" (emphasis added)); *Copley v. U.S. Dep't of Energy*, No. 11-416, 2012 WL 1111568, at *4 (S.D.W.V. Mar. 30, 2012). Mr. Rogers brought this suit in state court and served Mr. Chapman before the Government removed the case to this court. Under these circumstances, "the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

This point is in an important one, though, admittedly, it would seem to make little difference under the present circumstances, because the applicable Maryland rule bears a strong resemblance to Rule 4(i). Under Maryland Rule 3-124(m), a plaintiff serves the United States "by serving the United States Attorney for the District of Maryland or an individual designated by the United States Attorney in a writing filed with the clerk of the court and by serving the Attorney General of the United States at Washington, District of Columbia." Md. Rule 3-124(m). Mr. Rogers does not appear to have complied with this rule any more than he complied with Rule 4(i), and, anyway, he has not made any attempt to refute the Government's contention that service was inadequate.

Federal law provides that "in 'all cases removed from any State court to any district court of the United States,' a plaintiff may serve process upon removal if service of process was defective or was not attempted before removal." *Whidbee*, 857 F.3d at 1023 (citing 28 U.S.C. § 1448). Here, as I have already noted, the Federal Rules would require Mr. Rogers to serve both the U.S. Attorney for the District of Maryland and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i). And, under Rule 4(m), this requirement must be completed within a certain time limit. In removed cases, such as this one, "the Rule 4(m) time period [of 90 days] starts to run upon removal to the federal district court." *Brower v. AT&T Mobility Servs., LLC*, No. RDB-18-2207, 2018 WL 4854168, at *3 (D. Md. Oct. 5, 2018); *Lawrence v. Hanson*, 197 F. Supp. 2d

533, 538 (W.D. Va. 2002). There is no indication that Mr. Rogers has properly served the United States to this point in the proceedings, even though well more than 90 days have passed since removal.

Until recently, many district courts in this circuit questioned whether Fourth Circuit precedent proscribed their discretion to extend the time for service absent good cause. *See Candy v. People for Ethical Treatment of Animals, Inc.*, No. 18-2335-PX, 2018 WL 5923434, at *1 (D. Md. Nov. 13, 2018); *Bailey v. Bank of Am.*, No. ELH-16-2243, 2017 WL 1301486, at *6 (D. Md. Apr. 7, 2017). On this view, my options upon finding that service was insufficient here would be to dismiss the action without prejudice or to "enter an order asking the [plaintiff] to show cause why the claim should not be dismissed." Loc. R. 103.8.a. However, a volley of recent district court decisions in this circuit has adopted the view that, since Congress amended the rule in 2015, Rule 4(m) "no longer requires a court to dismiss a complaint absent a showing of good cause." *Escalante v. Tobar Constr., Inc.*, No. 18-980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019) (quoting *Robertson v. Beacon Sales Acquisition*, No. GJH-16-3241, 2018 WL 2464455, at *3 n.7 (D. Md. May 31, 2018)); *see also, e.g., Whetstone v. Mayor & City Council of Balt. City*, No. ELH-18-738, 2019 WL 1200555, at *7 (D. Md. Mar. 13, 2019).

Here, while taking note of this emerging consensus, it is enough to observe that neither approach requires a dismissal at this point in the proceedings. For this reason, the Government's Rule 12(b)(5) motion is denied without prejudice. Beyond that, I find it unnecessary to make any further service-related demands of Mr. Rogers at this time. That is to say, I am neither requiring him to show good cause for his failure to properly serve the United States nor extending the time for him to effect service. Because, as I will shortly explain, he has failed to state a claim upon which relief may be granted, the requirements of proper service are of no consequence. And,

because I am appointing counsel to assist him, I am confident that, if he files an amended complaint, counsel will help him navigate the requirements of proper service of process.

### C. Failure to State a Claim

The Government's final argument is that the Complaint fails under Rule 12(b)(6) because it does not state a claim. It argues that, while Mr. Rogers "indicates that his case should be docketed as a tort, [he] does not identify any causes of action (in tort or otherwise), and the sparse factual allegations contained in the Complaint do not call any causes of action to mind." Mot. to Dismiss 4.

Mr. Rogers's Complaint is lacking, to be sure. For instance, if not for materials the parties have since submitted to this Court, it would not even be clear that Mr. Chapman was Mr. Rogers's supervisor. Other aspects of the Complaint remain fuzzy even now. To cite one example, it accuses the supervisor of making "several untrue statements causing me to lose wages and mental anguish." Compl. What were those statements? The Complaint does not say.

Mr. Rogers does not come to the Complaint's defense. His response in opposition to the motion never even mentions the Complaint, let alone explains why the allegations it raises are sufficient to overcome a Rule 12(b)(6) challenge. What Mr. Rogers uses this space for, instead, is to elaborate on the events that precipitated his suit. But, of course, these new details are of no assistance to him, because a brief in response to a motion is not a pleading, *see* Fed. R. Civ. P. 7(a), and "a plaintiff 'cannot, through the use of motion briefs, amend [his] complaint.'" *Jeffries v. Wal-Mart Stores E., LP*, No. GJH-15-473, 2016 WL 430479, at *4 (D. Md. Feb. 3, 2016).

Even if I were to take Mr. Rogers's additional allegations into account, this case still would warrant dismissal. While it is clear enough that Mr. Rogers views the decision to send him home without pay as unjustified, the mere assertion that the defendant wronged him does not, in and of

itself, state a claim for relief. A plaintiff must plead a judicially cognizable cause of action, and it is not the court's role to "plumb" his pleading in search of one. *Tyson v. Wells Fargo Home Mortg., Inc.*, No. PJM 12-3654, 2013 WL 1767941, at *2 (D. Md. Apr. 23, 2013). Mr. Rogers has not accused the defendant here of any readily discernable tort, nor has he pointed to any statutes or equitable doctrines that might entitle him to relief. His Complaint is therefore dismissed without prejudice.

## ORDER

Accordingly, it is this day, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Government's Motion to Substitute (ECF No. 8) IS GRANTED;

2. The Clerk of Court shall substitute the United States of America for Defendant Eric Chapman and amend the docket accordingly;

3. The Government's Motion to Dismiss Plaintiff's Complaint (ECF No. 15) IS GRANTED. The Complaint is dismissed without prejudice under Rule 12(b)(6) for failure to state a claim; and

4. I am directing the appointment of pro bono counsel to assist Plaintiff in determining whether he has a viable cause of action and, if appropriate, drafting an amended complaint, properly serving it, and proceeding with the case.

Date:

Paul W. Grimm 7/17/19
United States District Judge